# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES EDWARD JONES                                                                           PLAINTIFF

v.                                           5:07CV00319 SWW/JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, James Edward Jones, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have submitted Appeal Briefs (docket entries #11 and #12), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1]

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

"substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382a(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) & 1382a(C)(I).

Plaintiff alleged that he was limited in his ability to work by degenerative disk disease, arthritis in his wrist, and numbness in his hands. (Tr. 100.) After conducting an administrative hearing at which Plaintiff, his wife, and a vocational expert testified, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through June 22, 2007, the date of his decision.[2] (Tr. 21.) On November 8, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 3-5.) Plaintiff then filed his Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 48 years old at the time of the hearing. (Tr. 338.) He completed the tenth grade in school and later obtained his General Equivalency Diploma. (Tr. 105, 334.) He has past relevant work as a loader operator, forklift operator, sawmill worker, logger, and cotton chopper. (Tr. 12, 76-81, 324, 345.)

---

[2]On these claims, Plaintiff originally alleged an onset of November 1, 2000. (Tr. 45, 308.) At the hearing, the alleged onset date was amended to July 11, 2004. (Tr. 320.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. Step 1 involves a determination of whether the claimant is involved in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i) (2005), §416.920. If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.*, § 404.1520(b), § 416.920.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(4)(ii), § 416.920. If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(a)(iii), § 416.920.[3] If so, and the duration requirement is met, benefits are awarded. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 404.1520(4)(iv), § 416.920. If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(4)(v), § 416.920. If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since his alleged onset date (Tr. 12); (2) had a "severe" impairment (Tr. 13); (3) did not have an impairment or combination of impairments that met or equaled a Listing (*id.*); (4) was not fully credible (*id.*); (5) retained the RFC for a wide range of sedentary work (*id.*); (6) was unable to perform any of his past relevant work (Tr. 19); and (7) was able to perform other work, which jobs existed in significant

---

[3]If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence. *Id.*, § 404.1520(e). This RFC is then used by the ALJ in his analysis at Steps 4 or 5. *Id.*

numbers in the national economy.[4]  *Id.*  Thus, the ALJ concluded that Plaintiff was not disabled.  *Id.*

Because the ALJ committed two fundamental errors, this case should be reversed and remanded.

First, as part of his credibility determination, the ALJ noted: "The claimant's medications consist of Soma and Hydrocodone." (Tr. 14.)  He did not mention Plaintiff's other medications: Celebrex (Tr. 119, 120, 124, 125, 130, 200, 204); Duragesic (Tr. 119, 120); Vicodin (Tr. 119, 164, 181, 188); Flexeril (Tr. 119, 121, 124, 125, 138, 178); Neurotin (Tr. 120, 193, 197, 198, 199, 200, 204, 206); codeine (Tr. 121); Vioxx (Tr. 124, 125, 130, 147, 153, 209, 230); Ultram (Tramadol) (Tr. 124, 125); Soma (Tr. 125, 130, 147, 153, 164, 171, 199, 204, 205, 206, 211, 212, 230, 268); Toradol (Tr. 130, 169, 174, 175, 204); Phenergan (Tr. 138, 139, 141); Daypro (Tr. 130); Nubain (Tr. 139, 141, 153, 158, 159, 167, 171); Lorcet (Tr. 147, 153, 171, 197, 198, 199, 200, 201, 202, 204, 205, 206, 208, 209, 211, 228, 229, 230, 239, 241, 245, 246, 247, 249, 250, 251, 256, 257, 258, 259, 260, 261, 264, 265, 266, 270); Depo-Medrol (Tr. 150); Skelaxin (Tr. 155); Robaxin (Tr. 158, 159, 208, 209, 213, 216, 217, 261); Percocet (Tr. 158, 159); ibuprofen 800 (Tr. 166); ibuprofen 600 (Tr. 178); Prorex (Tr. 159, 167); Motrin (Tr. 181); Keflex (Tr. 188); Alprazolam (Tr. 193); Tussinex (Tr. 193); Keralog (Tr. 199); marcaine (Tr. 199); lidocaine (Tr. 199); Elavil (Tr. 199, 202, 204, 205, 206); Zoloft (Tr. 199, 200); Darvocet (Tr. 199, 212, 214); Indocin (Tr. 202); Paxil (Tr. 205); Medrol Dosepak (Tr. 212, 213); Tylenol #3, Pancof XP (Tr. 214); Artrotec (Tr. 215); Lortab (Tr. 216, 217, 268); Xanax (Tr. 246, 247, 248, 249, 250, 251, 256, 257, 258, 259, 260, 261, 263, 265); and other unreadable medications (Tr. 124, 147, 153, 171, 174, 198, 210, 213, 234, 239, 241, 245, 248, 256, 270).  The ALJ's perfunctory discussion of Plaintiff's medications falls well short of that required by case law and regulation.  *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984); 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (2006).

Second, the ALJ's conclusion that Plaintiff had not sought out medical treatment (Tr. 14) is also not supported by substantial evidence.  (Tr. 115-301.)

---

[4]At step 5, the ALJ utilized the testimony of a vocational expert in response to a hypothetical question.  *Id.*

Based on these errors and the record as a whole, the Court finds that the ALJ's decision is not supported by substantial evidence. Therefore, the ruling of the Commissioner should be reversed and the matter remanded for a properly supported credibility determination and such subsequent Steps of the sequential evaluation process as may be necessary.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be reversed and remanded for action consistent with this opinion. This recommended remand would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 19th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE